UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEWAYNE ALLEN, CDCR #T-55834,<br><br>        Plaintiff,<br><br>vs.<br><br>RICHARD J. DONOVAN CORRECTIONAL FACILITY, JOHN DOE, Doctor,<br><br>        Defendants. | Case No.: 3:22-cv-01131-GPC-KSC<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

  Plaintiff, Michael Dewayne Allen ("Plaintiff" or "Allen") currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), in San Diego, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Allen claims a doctor at RJD (defendant "John Doe doctor") discontinued his gabapentin prescription which he alleges was given to him to prevent seizures. *Id.* at 2–3. As a result, Allen suffered a seizure and hit his mouth on the toilet, resulting in a chipped tooth. *Id.* The tooth also went through his lip. *Id.* He seeks $2.1 million in damages, $2.9 million in punitive

damages, and $1.5 million for pain and suffering. *Id.* at 7. He also seeks an injunction preventing defendants "from discontinuing another doctor's orders and prescriptions." *Id.*

Plaintiff did not pay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he filed suit; instead he filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (*See* ECF No. 2.)

**I.      Motion to Proceed IFP**

   A.      Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.*

In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim,"

*Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "When … presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffman v. Pulido,* 928 F.3d. 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B.   Discussion

The Court has reviewed Allen's Complaint and finds it contains no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Although Allen alleges he suffered a seizure and injured his mouth and tooth because his gabapentin was discontinued, exhibits attached to Allen's Complaint indicate medical personnel at RJD are aware of his seizure disorder and he is currently being treated for it with phenytoin, a seizure medication. Ex. to Compl., ECF No. 1-2 at 1–3. Thus, there is nothing in the Complaint to plausibly suggest Allen faced an "imminent danger of serious physical injury" at the time he filed his Complaint. *See Cervantes*, 493 F.3d at 1055–56 (plaintiff must allege to face a real, proximate and/or ongoing danger at the time of filing); *Murrell*

*v. Adams*, No. CV 21-01633-PHX-DWL (DMF), 2021 WL 5230994, at *2 (D. Ariz. Oct. 12, 2021) (concluding that a dispute over what kind of medication a prisoner should be provided for pain management is not sufficient to establish imminent danger under § 1915(g); *Balzarini v. Lewis*, No. 1:13-cv-00820-LJO-BAM (PC), 2015 WL 2345464, *8 (E.D. Cal. May 14, 2015) (concluding that plaintiff's disagreement with prison medical personnel about the course or adequacy of treatment he was receiving did not establish imminent danger); *Thomas v. Ellis*, No. 12-cv-05563-CW(PR), 2015 WL 859071, *3 (N.D. Cal. Feb. 26, 2015) (allegations showing the plaintiff was receiving medical treatment for his chronic pain, but that he disagreed with the type of medication prescribed were insufficient to show imminent danger).

"Although prison can undoubtedly be a dangerous place, incarceration alone does not satisfy the requirement of 'imminent danger of serious physical injury'" for purposes of § 1915(g). *Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager*, 870 F.3d 144, 154 n.12 (3d Cir. 2017). "Indeed, if it did, every prisoner would be entitled to IFP status and the exception would swallow the rule." *Id.* (citation omitted); *see also Patrick v. Altshuler*, No. 2:17-CV-1046 AC P, 2017 WL 4539273, at *5 (E.D. Cal. Oct. 11, 2017) (finding prisoner's claims of "[f]ear with trust issues" and "painful" "[a]buse[s] of power" were insufficient to demonstrate he was "under imminent danger of serious physical injury" under § 1915(g)).

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take

notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Based on a review of its own dockets and other court proceedings publicly available on PACER, the Court finds that Plaintiff Michael Dewayne Allen, identified as CDCR Inmate #T-55834, while incarcerated, has had three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1)   *Allen v. Social Security Administration*, Civil Case No. 2:11-cv-04253-UA-E (C.D. Cal. June 22, 2011) (Order Denying Leave to File Action Without Prepayment of Full Filing Fee and dismissing Complaint as frivolous, malicious, or for failing to state a claim upon which relief may be granted) (ECF No. 2 at 1) (strike one);

2)   *Allen v. CSP – Los Angeles Count, et al.,* Civil Case No. 2:12-cv-08338-DMG-E (C.D. Cal. Dec. 12, 2012) (Order Dismissing Complaint for failing to state a claim) (ECF No. 7); and (C.D. Cal. May 1, 2013) (Order Accepting Findings, Conclusions and Recommendations of United States Magistrate Judge and dismissing civil action based on Plaintiff's failure to amend)[1] (ECF No. 12) (strike two); and

3)   *Allen v. Masemeno, et al.*, Civil Case No. 2:12-cv-09981-DMG-E (C.D. Cal. Nov. 26, 2013) (Order Dismissing First Amended Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)) (ECF No. 15); and (C. D. Cal. Feb. 20, 2014) (Order Accepting Findings, Conclusions and Recommendations of United States Magistrate Judge and dismissing civil action based on Plaintiff's failure to amend) (ECF No. 19) (strike three).

---

[1] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

1  Accordingly, because Plaintiff has, while incarcerated, accumulated at least three
2  "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced
3  imminent danger of serious physical injury at the time he filed his Complaint, he is not
4  entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055;
5  *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all
6  prisoners from accessing the courts; it only precludes prisoners with a history of abusing
7  the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin
8  v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is
9  itself a matter of privilege and not right.").[2]
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///

---

[2] In fact, Plaintiff has been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in this Court, as well as in the Eastern District of California, on at least four previous occasions. *See, e.g., Allen v. Associate Warden, et al.*, S.D. Cal. Civil Case No. 3:20-cv-02188-GPC-BLM (ECF No. 5); *Allen v. Quillen, et al.*, S.D. Cal. Civil Case No. 3:20-cv-02192-MMA-DEB (ECF No. 7); *Allen v. Wells, et al.*, E.D. Cal. Civil Case No. 2:17-cv-01793-MCE-EFB (ECF Nos. 11, 12, 13); and *Allen v. Perez*, 2:17-cv-01384-TLN-EFB (ECF Nos. 14, 15, 16).

## II. Conclusion and Orders

For the reasons discussed, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

(3) **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated:  September 9, 2022

Hon. Gonzalo P. Curiel
United States District Judge